**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROLAND HILLS,<br><br>                        Plaintiff,<br>  vs.<br>SERVICE EMPLOYEES INTERNATIONAL UNION; SERVICE EMPLOYEES LOCAL 221; DEQUASIA GARDNER, Union Organizing Director; ABDUL SAYID, Union Worksite Organizer; SHARON-FRANCES MOORE; ANDY STERN, SEIU President,<br><br>                       Defendants. | CASE NO. 09cv1919 WQH (WVG)<br><br>**ORDER** |

HAYES, Judge:

      The matters before the Court are the Motion for Award of Attorney's Fees and Costs filed by Defendants Service Employees International Union Local 221 ("SEIU Local 221"), Dequasia Gardner, Abdul Sayid, and Sharon-Francis Moore (ECF No. 48) and the Motion to Stay Pending Appeal (ECF No. 59) filed by Plaintiff Roland Hills.

**I.    Background**

      On September 2, 2009, Plaintiff Roland Hills, proceeding pro se, initiated this case by filing the verified complaint. (ECF No. 1). Plaintiff asserted a claim of intentional discrimination based on race in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000 et seq., and § 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981, against Defendants Abdul Sayid, Dequasia Gardner, Sharon-Frances Moore, SEIU Local 221, Andy

Stern, and SEIU International. Plaintiff also asserted a second claim for violation of the National Labor Relation Act, 29 U.S.C. § 158(b)(1)(A), against SEIU Local 221.

On January 18, 2011, Defendants SEIU Local 221, Gardner, Sayid, and Moore filed a Motion for Summary Judgment. (ECF No. 31). On that same day, Defendants SEIU International and Stern filed a Motion for Summary Judgment. (ECF No. 32). On August 19, 2011, the Court granted the Motions for Summary Judgment. (ECF No. 44). On August 22, 2011, the Clerk of the Court entered judgment. (ECF No. 45).

On September 6, 2011, Defendants SEIU Local 221, Dequasia Gardner, Abdul Sayid, and Sharon-Francis Moore filed a Motion for Award of Attorney's Fees and Costs. (ECF No. 48).

On September 16, 2011, Plaintiff filed a Notice of Appeal. (ECF No. 49).

On September 27, 2011, Plaintiff filed an Opposition to the Motion for Attorney's Fees and Costs. (ECF No. 56).

On September 30, 2011, Plaintiff filed a Motion to Stay Pending Appeal. (ECF No. 59). On October 10, 2011, Defendants filed a response. (ECF No. 61).

## II.    Discussion

Defendants SEIU Local 221, Gardner, Sayid, and Moore seek $30,438.00 in fees and $1,204.04 in costs on the grounds that Plaintiff proceeded in bad faith. Defendants contend: "Although not an attorney, Hills should have known that his claim ... could not prevail in view of his admissions that he had not provided any evidence to the Defendants to support his claims of racial discrimination ...." (ECF No. 48-1 at 4). Defendants contend: "It was clear from the record that Local 221 had done as much as it could by filing and processing a grievance against the County." *Id.*

Plaintiff contends that in a civil rights case, attorney's fees should only be awarded to a defendant only in exceptional circumstances and this case does not present such exceptional circumstances. Plaintiff contends that policy against awarding a defendant attorney fees applies with "special force" to him as a pro se plaintiff. (ECF No. 56-1 at 3). Plaintiff contends that he did not proceed in bad faith and that his action was not frivolous,

1 unreasonable, or without foundation on the grounds that he presented a prima facie case of
2 racial discrimination.

3 Although Plaintiff has appealed judgment in this case, the Court retains jurisdiction over
4 the issue of attorney's fees.[1] *See Masalosalo by Masalosalo v. Stonewall Ins. Co.*, 718 F.2d
5 955, 957 (9th Cir. 1983). Common law provides for an award of attorney fees against a party
6 who proceeds in bad faith. *See Christianburg Garment Co. v. Equal Employment Opportunity*
7 *Commission*, 434 U.S. 412, 19 (1978); *see also E.E.O.C. v. Bruno's Restaurant*, 13 F.3d 285,
8 287 (9th Cir. 1993).("[A] district court may in its discretion award attorney's fees to a
9 prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous,
10 unreasonable, or without foundation, even though not brought in subjective bad faith.") (citing
11 *Christianburg Garment Co.*, 434 U.S. at 421-22). "Only in exceptional cases did Congress
12 intend that defendants be awarded attorney's fees under Title VII." *Mitchell v. Office of Los*
13 *Angeles County Superintendent of Schools*, 805 F.2d 844, 848 (9th Cir. 1986) (explaining that
14 there "strong equitable considerations" to award attorney fees to a prevailing plaintiff which
15 are "wholly absent in the case of a prevailing Title VII defendant."). When attorney fees are
16 sought against a pro se party, the court should consider the party's "ability to recognize the
17 merits of his or her claims." *Miller v. Los Angeles County Bd. of Educ.*, 827 F.2d 617, 621 (9th
18 Cir. 1987) ("pro se plaintiffs cannot simply be assumed to have the same ability as a plaintiff
19 represented by counsel to recognize the objective merit (or lack of merit) of a claim.").

20 In this case, Defendants' Motion for Attorney's Fees is based on Defendants' success
21 on summary judgment. The Court does not find that Plaintiff proceeded in bad faith. The
22 Court does not find that Plaintiff's case was frivolous, unreasonable, or without foundation.
23 The Court declines to award attorney's fees and costs.
24 //
25

26 [1] "The effective filing of a notice of appeal transfers jurisdiction from the district court
to the court of appeals with respect to all matters involved in the appeal." *Masalosalo by*
27 *Masalosalo v. Stonewall Ins. Co.*, 718 F.2d 955, 956 (9th Cir. 1983) (citing *Griggs v.*
*Provident Consumer Discount Co.*, 459 U.S. 56 (1982)). In this case, Plaintiff has filed a
28 Notice of Appeal of the judgment. Accordingly, the Court does not have jurisdiction to "stay
proceedings and enforcement of this Court's August 19, 2011 order pending appellate review."
(ECF No. 59 at 1). The Motion to Stay Pending Appeal is DENIED.

### III. Conclusion

IT IS HEREBY ORDERED that the Motion for Award of Attorney's Fees and Costs filed by Defendants Service Employees International Union Local 221, Dequasia Gardner, Abdul Sayid, and Sharon-Francis Moore (ECF No. 48) and the Motion to Stay Pending Appeal (ECF No. 59) filed by Plaintiff Roland Hills are DENIED.

DATED: October 31, 2011

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge